# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 17-cv-01169-RM-MJW

BARBARA J. POWELL,
SOCIAL SECURITY ADMINISTRATION,
U.S. DEPARTMENT OF LABOR,
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and
COLORADO HOUSING FINANCE AUTHORITY,

      Plaintiffs,

v.

HUDSON REAL ESTATE CO.,
KINGSPOINT APARTMENTS, LLLP,
DHR OPERATIONS, LLC, and
OASIS OUTSOURCING ADMIN II, INC.,

      Defendants.

---

## ORDER

---

    Plaintiff Barbara J. Powell has filed a "Motion to Dismiss" (ECF No. 9) seeking to voluntarily dismiss this action which includes a qui tam claim under 31 U.S.C. § 3729.   Pursuant to 31 U.S.C. § 3730(b)(1), however, an "action [for violation of section 3729] may be dismissed only if the court and Attorney General give written consent to the dismissal and their reasons for consenting."   This matter is now before the Court on the Federal Parties' Response (ECF No. 22) setting forth three reasons why they consent to Plaintiff's voluntary dismissal.   Upon consideration of the Motion to Dismiss, Response, court file, and applicable statutes and case law, and being otherwise fully advised, the Court agrees with the reasons provided by the Federal

Parties and gives its consent to the dismissal for essentially the same reasons.   The only issue remaining now is the seal.

Pursuant to 31 U.S.C. § 3730(b)(2), qui tam complaints are filed under seal and "shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."   The purpose of the seal is "to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action."   S. Rep. No. 345, at 24 (1986), *reprinted in* 1986 U.S.S.C.A.N. 5266, 5289.   In light of the Federal Parties' consent to dismissal of this action and the Court's review of the record, the Court finds unsealing the case would not adversely affect the purpose of the seal.   Nonetheless, the Plaintiff's Complaint contains private information, such as her birth date and social security number, which would be subject to redaction under Fed. R. Civ. P. 5.2(a). And, Rule 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."   Here, Plaintiffs' Complaint was filed under seal.   Accordingly, in light of privacy concerns, the Court finds that while the case should be unsealed, Plaintiff's Complaint should be kept restricted under a Level 1 restriction.

*See* D.C.COLO.LCivR 7.2.   Accordingly, it is **ORDERED**

(1) That Plaintiff Barbara J. Powell's "Motion to Dismiss" (ECF No. 9) is **GRANTED** and this case is dismissed without prejudice;

(2) That the Order to Show Cause is **DISCHARGED**;[1] and

---

[1]  The Court's August 31, 2017, Order (ECF No. 21) directed a response or to show cause.   The Court's review finds no basis for sanctions against Federal Parties or their counsel.

(3) That the Clerk shall **unseal** this case but place a **Leve1 1 restriction** on the Complaint

(ECF No. 1), and thereafter close this case.

DATED this 5th day of September, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge